COZEN O'CONNOR
45 Broadway Atrium, 16th Floor
New York, New York 10006-3792
Tel:    (212) 509-9400
Fax:    (212) 509-9492
JAMES F. CAMPISE (3631)
Attorneys for Plaintiff
(Our File No.: 198603)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
a/s/o OST TRUCKS & CRANES, INC.

           Plaintiff,

        v.

M/V MADAME BUTTERFLY, her engines,
tackle, machinery, etc., *in rem*; WALLENIUS
WILHELMSEN LOGISTICS AS; WALLENIUS
WILHELMSEN LOGISTICS, INC.; WALLENIUS
WILHELMSEN LOGISTICS AMERICAS LLC;
PACIFIC RO RO STEVEDORING, INC.; PACIFIC
RO RO STEVEDORING LLC and PARSIFAL
SHIPPING LTD. *in personam*;

           Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL
DEMANDED

       Plaintiff FIREMAN'S FUND INSURANCE COMPANY, by and through its attorneys,

Cozen O'Connor, as and for its Complaint against M/V MADAME BUTTERFLY, her engines,

tackle, machinery, etc., *in rem*, WALLENIUS WILHELMSEN LOGISTICS AS; WALLENIUS

LOGISTICS, INC.; WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC; PACIFIC

RO RO STEVEDORING, INC., and PARSIFAL SHIPPING LTD., *in personam*, (hereinafter

collectively referred to as "defendants") alleges upon information and belief as follows:

**JURISDICTION and VENUE**

     1.     This is an admiralty-maritime action for loss of or damage to cargo and breach of

a maritime contract and falls within the Court's admiralty-maritime jurisdiction pursuant to 28

U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure as more fully appears herein. This claim also arises out of the intrastate, interstate, and international shipment of cargo which involves issues of interstate commerce and federal common law, and the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, giving rise to jurisdiction pursuant to 28 U.S.C. §1331 and 1337. There also is supplemental jurisdiction under 28 U.S.C. §1367 in this action.

2.      The U. S. District Court for the Southern District of New York is a proper venue for this action based upon paragraph 13 of the below referenced bill of lading which provides in relevant part:

> 13. CHOICE OF FORUM
> All disputes arising from shipments to or from the United States
> will be decided only by the **United States District for the
> Southern District Court for the Southern District of New York**
> in New York City. This court has exclusive jurisdiction over such
> disputes. (emphasis added).

## FACTS

3.      Plaintiff is now and at all times herein material was a corporation duly organized and existing by virtue of law and was the insurer of the hereinafter described equipment.

4.      On information and belief, Motor Vessel MADAME BUTTERFLY (the "Vessel") is a Singaporean flagged vessel and is now, or will be within the jurisdiction of this Court during the pendency of this action.

5.      On information and belief, defendant "WALLENIUS WILHELMSEN LOGISTICS AS, is now and at all times herein material was a corporation engaged in business throughout the fifty states, including the Southern District of New York as, among other things, as a common carrier of goods for hire between among others, foreign and U.S. ports and/or a vessel operator and/or a vessel charterer.

6.    On information and belief, defendant WALLENIUS WILHELMSEN LOGISTICS, INC., is now and at all times herein material was a Norwegian corporation engaged in business throughout the fifty states, including the Southern District of New York as, among other things, a common carrier of goods for hire between among others, foreign and U.S. ports and/or a vessel operator and/or a vessel charterer.

7.    On information and belief, defendant WALLENIUS WILHELMSEN AMERICAS, LLC, is now and at all times herein material was a corporation engaged in business throughout the fifty states, including the Southern District of New York as, among other things, as a common carrier of goods for hire between among others, foreign and U.S. ports and/or a vessel operator and/or a vessel charterer.  All WALLENIUS defendants shall. hereinafter be collectively referred to as "WWL."

8.    On information and belief, defendant PACIFIC RO RO STEVEDORING, INC. is now and at all times herein material was a California corporation engaged in business as, among other things, a stevedore operating in Port Hueneme, California.  Both PACIFIC defendants shall hereinafter be collectively referred to as "PACIFIC RO RO."

9.    On information and belief, defendant PACIFIC RO RO STEVEDORING LLC is now and at all times herein material was a California corporation engaged in business as, among other things, a stevedore operating in Port Hueneme, California.  Both PACIFIC defendants shall hereinafter be collectively referred to as "PACIFIC RO RO."

10.    Defendant PARSIFAL SHIPPING LTD. ("PARSIFAL") is now and at all times herein material was a foreign corporation duly organized and existing according to law and engaged in business as a common carrier of goods for hire between, among others, the ports of Southampton, England and Port Hueneme, California.  At all times herein material said defendant was and is now the owner and/or operator of the Vessel.

11.    On or about December 23, 2006, at Southampton, England, defendants WWL and PARSIFAL received a shipment consisting of one 72 foot 2006 Sunseeker Predator motor yacht (the "Shipment") in good order and condition for carriage aboard the Vessel from Southampton, England, to Port Hueneme, California. Said defendants agreed as common carriers and in consideration of a pre-arranged freight, to transport said shipment from London, England to Port Hueneme, California, and to deliver the same there in like good order and condition as when received, to the holder of bills of lading GB536853 and others issued by and on behalf of defendants.

12.    Defendants WWL and PARSIFAL transported the Shipment on board the Vessel to the aforementioned port of discharge, and thereinafter attempted to discharge the Shipment from the Vessel into the water according to the terms and conditions of the applicable bills of lading and/or other contracts.

13.    OST TRUCKS & CRANES, INC., ("OST") plaintiff's subrogor, was the owner, operator, manager or controller of a certain 300 ton mobile crane utilized during discharge operations for the Shipment.

14.    On information and belief, defendant PACIFIC RO RO conducted discharge operations for the Shipment.

15.    Due to the unworkmanlike performance, negligence, recklessness, and intentional conduct of defendants, jointly and severally, OST's 300 ton mobile crane was damaged beyond repair during discharge of the Shipment from the Vessel. In particular, during discharge operations, said crane was caused by the negligence of defendants to topple over which caused significant and irreparable damage to the crane. Said unworkmanlike performance, negligent, reckless, and intentional conduct included, but was not limited to, the following:

- Knowingly utilizing inappropriate machinery to complete the task, despite the availability of appropriate machinery at the location of discharge;

- Knowingly operating machinery under conditions in excess of the capacity of said machinery;

- Conducting and directing discharge operations under weather and other conditions substantially certain to cause damage to the crane;

- Intentional and/or reckless failure to complete, and/or comply with, a lift plan for discharge of the shipment;

- Disabling or ignoring alarms and other mechanical safeguards against damage to the shipment;

- Such other and further instances of negligent, reckless and intentional conduct as may be disclosed during discovery and/or proved at trial of this matter.

16.     Defendants, jointly and severally, negligently failed to safeguard OST's crane and violated their contracts and warranties of workmanlike performance rendering OST's crane damaged, and otherwise inoperable, broken condition, by reason of which Plaintiff and its insured suffered a loss, as near as can now be determined, in a sum in excess of $1,400,000.

17.     At all relevant times, each defendant was the agent or employee of each other defendant, and was operating within the course and scope of its agency or employment.

18.     Plaintiff issued a policy of insurance covering the equipment of OST  and by virtue of payment to OST for the damage sustained to said crane, and based upon subrogation, plaintiff is now the owner of all rights, claims and causes of action for loss of or damage to said equipment.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
**(Against all defendants)**

19.      Plaintiff incorporates paragraphs 1 through 18 herein as though fully set forth at this point.

20.      Defendants, jointly and severally, owed plaintiff a duty of care in connection with the matters alleged herein, to avoid damage to its equipment.

21.      Defendants, jointly and severally, breached that duty, as a result of which the plaintiff's crane was destroyed, causing damages in excess of $1.4 million to plaintiff.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### UNWORKMANLIKE PERFORMANCE
**(Against all defendants)**

22.      Plaintiff incorporates paragraphs 1 through 21 herein as though fully set forth at this point.

23.      By reason of the premises, defendants, jointly and severally, owed plaintiff a legal duty of, and/or warranted to provide, workmanlike performance in connection with the carriage, discharge, and delivery of the shipment.

24.      Defendants, jointly and severally, breached that warranty, as a result of which the crane was damaged and destroyed, causing damages in excess of $1.4 million to plaintiff.

WHEREFORE, plaintiff, Fireman's Fund, prays for judgment in the amount of

$1,400,000 against defendants jointly and/or severally in the respective proportion to their fault

and/or negligence together with interest and costs and for such other and further relief as to this

court seems just and proper.

Dated: New York, New York
       August 14, 2008

                                        COZEN O'CONNOR
                                        Attorneys for Plaintiff
                                        FIREMAN'S FUND  INSURANCE
                                        COMPANY


                                        _____
                                        James F. Campise (3631)
                                        45 Broadway Atrium, 16th Floor
                                        New York, New York  10006-3792
                                        Tel.:   (212) 509-9400
                                        Fax:   (212) 509-9492
                                        (Our File No.:  198603)


NEWYORK_DOWNTOWN\373207\1  198603.000

- 7 -